UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-23310-Civ-COOKE/GOODMAN

GBS INVESTMENT GROUP,

    Plaintiff,

vs.

UNITED SPECIALTY INSURANCE
COMPANY,

    Defendant.

_____/

## ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

THIS MATTER is before the Court upon Defendant United Specialty Insurance Company's ("United Specialty" or "Defendant") Motion for Summary Judgment, ECF No. 41. The Court has reviewed the Motion, all supporting and opposing filings and submissions, the record in the case, and is otherwise fully advised on the premises. For the reasons that follow, Defendant's Motion for summary judgment is granted.

### I. BACKGROUND

This action arises out of an insurance contract dispute between Plaintiff GBS Investment Group ("GBS") and its insurer United Specialty. *See generally* Second Am. Comp.

Plaintiff owns property insured by United Specialty located at 9700 NW 7th Ave., Miami, FL 33150 (the "Property"). On or about September 28, 2017[1], GBS notified United Specialty that the Property had suffered water damage "due to a roof leak, caused by wind driven rain" (the "Loss"). Second Am. Compl. ¶ 7. GBS was insured at the time of the Loss under United Specialty's surplus and excess commercial lines insurance policy, No. USA4162448, with effective dates of February 22, 2017 to February 22, 2018 (the "Policy"). Def.'s Stmnt. of Facts ¶ 1. Accordingly, GBS sought coverage and payment for the damage under the Policy issued in the amount of $175,045.01. Second Am. Compl. ¶ 9.

---

[1] There is a dispute as to what date GBS notified United Specialty of its loss. The Court does not consider the date of Loss a material fact that forecloses summary judgment.

United Specialty acknowledged receipt for the Loss and retained an engineer, Mr. Estuardo Terraza, to inspect the buildings to determine the cause and extent of damage to the Property. Def.'s Stmnt. of Facts ¶ 13. Mr. Terraza concluded that the reported damage was caused by long-term rainwater/moisture entering through the building envelope as a result of wind, wear and tear, and deterioration to the roof coverings and waterproofing sealants, deficient roof repairs, and a general lack of maintenance of the roof surface, as well as wear and tear, deterioration, and inadequate maintenance of window and door perimeter sealant and stucco finishes. *Id.* at ¶ 15. Mr. Terraza also determined that the Property exhibited evidence of wind damage to the roof, which was likely the result of Hurricane Irma. *Id.* at ¶¶ 16-17. United Specialty later retained a meteorological expert who opined that GBS' property probably experienced high wind gusts and heavy rainfall associated with the passage of Hurricane Irma. *Id.* at ¶¶ 20-22. As a result, United Specialty denied coverage for the Loss because the damage was caused by wind-driven rain which is simply not covered by the Policy. *See generally* Second Amd. Compl. Moreover, United Specialty asserts that such damage is specifically excluded by the Policy. Def.'s Stmnt. of Facts ¶¶ 23, 24. GBS subsequently initiated a one-count suit for breach of contract alleging that the Loss is indeed covered under the Policy, thus, entitling GBS to damages.

GBS similarly retained its own expert—Mr. Rafael Leyva, a Florida licensed general contractor—to inspect and evaluate the damage. Pl.'s Stmnt. of Facts ¶¶ 13-22. In a sworn declaration, Mr. Leyva confirmed that Hurricane Irma caused debris to strike and damage the roofing system, resulting in moisture and rainwater entering the interior of the Property. Leyva Decl. ¶6.

The Policy is an "all-risk" insurance policy which provides coverage for risks of direct physical loss unless the loss is limited. The Limitations section contains, in relevant part, the following limitation:

> 1. We will not pay for loss or damage to property, as described and limited in this section. In addition, we will not pay for any loss that is a consequence of loss or damage as described and limited in this section.
>
>> c. The interior of any building or structure, or to personal property in the building or structure, or to personal property in the building or structure, caused by or resulting from rain, snow, sleet, ice, sand or

2

>> dust, whether driven by wind or not, unless:
>>> (1) the building or structure first sustains damage by a Covered Cause of Loss to its roof or walls through which the rain, snow, sleet, ice, sand or dust enters. . . .

*See* Policy at 89.

The Policy also sets forth certain Exclusions relevant to GBS' claim, which provides in relevant as follows:

> We will not pay for loss or damage
> 1. Caused directly or indirectly by Windstorm or Hail, regardless of any other cause or event that contributes concurrently or in any sequence to the loss or damage; or
> 2. Caused by rain, water, snow, sand or dust, whether driven by wind or not, if that loss or damage would not have occurred but for the Windstorm or Hail.
> But if Windstorm or Hail results in a cause of loss other than rain, water, snow, sand or dust, and that resulting cause of loss is a Covered Cause of Loss. For example, if the Windstorm or Hail damages a heating system and fire results, the loss or damage attributable to the fire is covered subject to any other applicable policy provisions.

*See* Policy at 86.

## II.   LEGAL STANDARDS

### a.  Summary Judgment Standard

A party may obtain summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). The parties may support their positions by citation to the record, including inter alia, depositions, documents, affidavits, or declarations. Fed.R.Civ.P. 56(c). An issue is genuine if "a reasonable trier of fact could return judgment for the non-moving party." *Miccosukee Tribe of Indians of Fla. v. United States,* 516 F.3d 1235, 1243 (11th Cir. 2008) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986)). A fact is material if it "might affect the outcome of the suit under the governing law." Id. (quoting *Anderson*, 477 U.S. at 247-48). The Court views the facts in the light most favorable to the non-moving party and draws all reasonable inferences in the party's favor. *See Davis v. Williams*, 451 F.3d

3

759, 763 (11th Cir. 2006). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which a jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252. Further, the Court does not weigh conflicting evidence. *See Skop v. City of Atlanta, Ga.*, 485 F.3d 1130, 1140 (11th Cir. 2007) (quoting *Carlin Comm'n, Inc. v. S. Bell Tel. & Tel. Co.*, 802 F.2d 1352, 1356 (11th Cir. 1986)).

The moving party shoulders the initial burden of showing the absence of a genuine issue of material fact. *Shiver v. Chertoff*, 549 F.3d 1342, 1343 (11th Cir. 2008). Once this burden is satisfied, "the nonmoving party 'must do more than simply show that there is some metaphysical doubt as to the material facts.'" *Ray v. Equifax Info. Servs., LLC*, 327 F. App'x 819, 825 (11th Cir. 2009) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). Instead, "the non-moving party 'must make a sufficient showing on each essential element of the case for which he has the burden of proof.'" *Id.* (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). Accordingly, the non-moving party must produce evidence, going beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designating specific facts to suggest that a reasonable jury could find in the non-moving party's favor. *Shiver*, 549 F.3d at 1343. If the non-moving party fails to make a sufficient showing on an essential element of his case on which he has the burden of proof, the moving party is entitled to a judgment as a matter of law. *Celotex Corp.*, 477 U.S. at 323.

### b. Insurance Policy Interpretation Standard

In a diversity action, federal courts must apply the substantive law of the forum state. *LaFarge Corp. v. Travelers Indem. Co.*, 118 F.3d 1511, 1515-16 (11th Cir. 1997). Pursuant to Florida law, "interpretation of an insurance policy is a question of law to be decided by the court." *Gulf Tampa Drydock Co. v. Great Atl. Ins. Co.*, 757 F.2d 1172, 1174 (11th Cir. 1985) (applying Florida law). In so doing, the court must construe the "contract in its entirety, striving to give every provision meaning and effect." *Dahl–Eimers v. Mut. of Omaha Life Ins. Co.*, 986 F.2d 1379, 1382 (11th Cir. 1993) (citing *Excelsior Ins. Co. v. Pomona Park Bar & Package Store*, 369 So.2d 938, 941 (Fla. 1979)). Where a term in an insurance policy is ambiguous, a court must "construe it in favor of the insured and against the insurer." *Gas Kwick, Inc. v. United Pac. Ins. Co.*, 58 F.3d 1536, 1539 (11th Cir. 1995) (citing *Davis v.*

*Nationwide Life Ins. Co.*, 450 So.2d 549, 550 (Fla. 5th DCA 1984)). However, a "court cannot rewrite an insurance contract to extend coverage beyond what is clearly set forth in the contractual language." *Szczeklik v. Markel Int'l Ins. Co., Ltd.*, 942 F.Supp.2d 1254, 1260 (M.D.Fla. 2013) (quoting *Fla. Residential Prop. & Cas. Joint Underwriting Ass'n v. Kron*, 721 So.2d 825, 826 (Fla. 3d DCA 1998)). Although the insured bears the burden of proving that a claim is covered by the insurance policy, the "burden of proving an exclusion to coverage is ... on the insurer." *LaFarge Corp. v. Travelers Indem. Co.*, 118 F.3d 1511, 1516 (11th Cir. 1997). However, if there is an exception to the exclusion, "the burden returns to the insured to prove the exception and show coverage." *See Mid–Continent Cas. Co. v. Frank Casserino Constr., Inc.*, 721 F.Supp.2d 1209, 1215 (M.D.Fla. 2010); *see also LaFarge Corp.*, 118 F.3d at 1516; *E. Fla. Hauling, Inc. v. Lexington Ins. Co.*, 913 So.2d 673, 678 (Fla.3d Dist.Ct.App. 2005).

### III.   ANALYSIS

It is undisputed that the interior of the Property sustained water damage caused by Hurricane Irma. Pl.'s Stmnt. of Facts ¶30; Leyva Decl. ¶6. United Specialty maintains that the water damage to the Property is not covered under the Policy because the limitations and exclusion sections of the Policy specifically exclude coverage for damage caused by rain from any source, whether driven by wind or not. *See* Policy at 86, 89. GBS did not file a memorandum of law in opposition to United Specialty's Motion for Summary Judgment. Nor did GBS cite to any caselaw or policy language that counter's United Specialty's position. Instead, GBS cites to a declaration prepared by its own expert whom confirmed United Specialty's position—that Property experienced water damage due to Hurricane Irma.

The limitations and exclusions sections of the Policy clearly and unambiguously exclude coverage for water intrusion caused by wind-driven rain. Thus, unless GBS can present evidence that the damages for which it seeks coverage fall within an exception to the Policy limitations and exclusions, the water intrusion damages to the interior of the Property caused by Hurricane Irma is not covered under the Policy. *See Fla. Windstorm Underwriting v. Gajwani*, 934 So.2d 501, 502, 505-06 (Fla.3d Dist.Ct.App. 2005).

There is an exception to the water intrusion limitation which allows coverage for water intrusion damage only if "Windstorm or Hail results in a cause of loss other than

rain, water, snow, sand or dust, and that the resulting cause of loss is a Covered Cause of Loss." *See* Policy at 86. Under Florida law, it is GBS' burden to establish that the damage at issue falls within the exception of the Policy's coverage limitation. *Id.* at 506 (finding no coverage under similar provision where insured failed to present evidence that rain entered through openings in roof or walls created by hurricane because it was insured's burden to prove an exception to the exclusion). To that end, GBS must demonstrate that the water damage was not caused by wind-driven rain, rather that the damage was caused by a cause of loss covered by the Policy. Here, GBS has presented no evidence that contradicts United Specialty's position that the water damage is not a covered loss under the Policy. Instead, GBS has presented evidence that further support's United Specialty's position. *See* Leyva Decl. ¶6. Accordingly, the Court finds that GBS has failed to demonstrate any issue of fact as to whether Hurricane Irma caused the damage at issue. *See Herrington*, 381 F.3d at 1247.

The undisputed evidence shows that the wind-driven rain of Hurricane Irma entered the Property due to deterioration of the roof coverings and waterproofing sealants, deficient roof repairs, and a general lack of maintenance of the roof surface, as well as ear and tear, deterioration, and inadequate maintenance of window and door perimeter sealant and stucco finishes. Def.'s Stmnt. of Facts ¶ 15. Accordingly, the water intrusion damages satisfy the exception to the limitation on coverage only if these causes are "Covered Causes of Loss" under the Policy. The Court determines that they are not. Thus, the damage identified by GBS is specifically excluded from coverage, such that it appears any resulting damage does not satisfy the exception to the water intrusion limitation or exclusions.

## IV.   CONCLUSION

The Court finds that the damage to the Property is excluded by the terms of the Policy. Accordingly, after due consideration, it is **ORDERED and ADJUDGED** that Defendant's Motion for Summary Judgment (ECF No. 41) is hereby **GRANTED.**

**DONE and ORDERED** in chambers in Miami, Florida on this 31st day of October 2019.

Copies furnished to:
*Jonathan Goodman, U.S. Magistrate Judge*
*Counsel of record*