UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 18-23310-CIV-COOKE/GOODMAN

GBS INVESTMENT GROUP,

Plaintiff,

v.

UNITED SPECIALTY INSURANCE
COMPANY,

Defendant.
_____/

## ORDER APPROVING & ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**THIS MATTER** is before me upon the Omnibus Report and Recommendations of the Honorable Jonathan Goodman, U.S. Magistrate Judge [ECF No. 90], issued on August 11, 2020. This case, which was removed to this Court in August of 2018, has had a long and meandering background; as a result, a brief summary is in order. This action arises out of an insurance contract dispute between Plaintiff GBS Investment Group ("GBS") and its insurer United Specialty Insurance Company ("USIC"). *See generally* Second Am. Comp. Essentially, this dispute centers around the cause of certain water damage to GBS's property and whether that water damage was covered under GBS's insurance policy with USIC.

On August 7, 2019, USIC filed a Motion for Sanctions against GBS and its attorneys, [ECF No. 55], in which USIC argued that it was entitled to sanctions because GBIS and its attorneys litigated this matter in bad faith. More specifically, in its Motion for Sanctions, USIC argued that GBS "perpetrat[ed] a fraud upon the court" that included the "alteration and destruction of documents, obstruction of discovery materials and evidence from a third-party witness, and prosecuting an undeniably frivolous lawsuit." Mot. for Sanctions at 17.

On October 31, 2019, I granted summary judgment in favor of USIC. [ECF No. 71].

Through my Summary Judgment Order, I found that the undisputed record evidence demonstrated that the water damage to GBS's property was caused by wind driven rain (i.e. Hurricane Irma) and was thereby excluded from coverage under GBS's insurance policy with USIC.[1] After the grant of summary judgment in its favor, on November 13, 2019, USIC filed its Motion for Entitlement to Attorneys' Fees and Non-Taxable Costs. [ECF No. 72]. In order to correct a docketing error, on December 3, 2019, I granted USIC's request to file an amended motion for entitlement to attorneys' fees and non-taxable costs [ECF No. 75]. In response, USIC, on December 23, 2019, filed its Amended Motion for Attorneys' Fees and Non-Taxable Expert Costs [ECF No. 77].

On January 30, 2020, I referred both USIC's Motion for Sanctions and USIC's Amended Motion for Attorneys' Fees and Non-Taxable Expert Costs to the Honorable Jonathan Goodman for a report and recommendation. [ECF No. 81]. As such, presently before me is Judge Goodman's Omnibus Report and Recommendation ("R&R") on USIC's Motion for Sanctions and USIC's Amended Motion for Attorneys' Fees and Non-Taxable Expert Costs.

In his R&R, Judge Goodman recommends that I grant in part and deny in part USIC's Amended Motion for Attorney's Fees incurred since October 29, 2018 pursuant to Florida Statutes § 768.79 and award USIC $55,007.10 in attorney's fees (applying a 10% across-the-board reduction). Additionally, Judge Goodman, in his R&R, recommends that I grant in part and deny in part USIC's motion for sanctions.

I have reviewed USIC's Motion for Sanctions and Amended Motion for Attorney's Fees and Non-Taxable Expert Costs, the briefing and accompanying exhibits, Judge Goodman's R&R, the record, and the relevant legal authorities. Having done so, I find Judge Goodman's R&R to be clear, cogent, and compelling.

Accordingly, Judge Goodman's R&R [ECF No. 90] is **APPROVED and ADOPTED** as the Order of this Court. It is, therefore, **ORDERED and ADJUDGED** that USIC's Amended Motion for Attorneys' Fees is *granted in part and denied in part*. As such, pursuant

---

[1] Notably, GBS did not file a memorandum of law in opposition to USIC's Motion for Summary Judgment. Nor did GBS cite to any caselaw or policy language that countered USIC's position. Instead, GBS only cited to a declaration prepared by its own expert which supported USIC's position—that the property in question experienced water damage due to Hurricane Irma.

to Florida Statutes § 768.79, USIC is awarded $55,007.10 in attorney's fees.

It is also hereby **ORDERED and ADJUDGED** that USIC's Motion for Sanctions is *granted in part and denied in part*. I, therefore, find Plaintiff's Counsel, Gregory Saldamando, to be responsible for half of USIC's attorney's fees incurred in bringing its Motion for Sanctions; moreover, because I find that GBS and Mr. Saldamando acted in bad faith in continuing to prosecute this lawsuit beyond July 29, 2019 (the date when GBS submitted an affidavit from its own expert stating that the damage was caused by Hurricane Irma), Mr. Saldamando and GBS are directed to split equally the cost of USIC's attorney's fees incurred since July 29, 2019.

**DONE and ORDERED** in Chambers, at Miami, Florida, this 6th day of September 2020.

*Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge


Copies furnished to:
*The Honorable Jonathan Goodman, U.S. Magistrate Judge*
*Counsel of record*